**SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY, Appellee,**

v.

**John Fuller BURNEY, a/k/a John Bruce, Appellant.**

No. 84–2105.

United States Court of Appeals, Eighth Circuit.

Submitted March 15, 1985.

Decided April 11, 1985.

---

L. Ashley Higgins, Helena, Ark., for appellant.

James M. Simpson, Little Rock, Ark., for appellee.

Before HEANEY and ARNOLD, Circuit Judges, and HANSON,* Senior District Judge.

PER CURIAM.

In this diversity case, the plaintiff, Southern Farm Bureau Life Insurance Company, sued to recover from the defendant, John Fuller Burney, its insured, $470,000 that the company had paid out to beneficiaries of policies on Burney's life. The District Court[1] found that the payments had been induced by fraud on the part of Burney and entered judgment in favor of the company. We affirm.

On June 11, 1976, Burney, who was in financial difficulty, left his home in Helena, Arkansas, and traveled to other states, eventually ending up in Florida. He referred to himself as "John Bruce" and purported to marry another woman, leaving behind him his wife and children. He falsified records and concealed his true identity. More than five years later, Burney returned, but only after some $470,000 had been paid out by Southern Farm Bureau Life Insurance Co.

Burney's principal argument on appeal is that he made no representation to the company, or indeed to anyone in or near Helena. He simply went away, and whatever false representations of identity he may have made were made to others, for example, his new "wife" and his new employer. We believe the District Court properly rejected this contention. Burney's deliberate acts, including a continuous course of misrepresentation of his own identity, created

---

* The Hon. William C. Hanson, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

1. The Hon. Elsijane Trimble Roy, United States District Judge for the Eastern and Western Districts of Arkansas.

the situation that led directly to the payments by the company. Whether he is legally responsible is a question of state law, on which we normally defer to the views of the district courts.

We deem further discussion of the case unnecessary. The District Court's well reasoned opinion, 590 F.Supp. 1016 (E.D. Ark.1984), amply covers the subject, and we affirm on that basis. See 8th Cir. R. 14.

Affirmed.